[Cite as *Molson v. Harrington*, 2026-Ohio-2667.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ROWENA MOLSON, | **CASE NO. 2026-A-0044** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the County Court, Eastern Division |
| LESLEY HARRINGTON, et al., | |
| Defendants-Appellees. | Trial Court No. 2026 CVI 00098 E |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Appeal dismissed

*Rowena Molson*, pro se, 3592 Eagley Road, East Springfield, PA 16411 (Plaintiff-Appellant).

*David L. McCombs*, 100 Public Square, P.O. Box 217, Andover, OH 44003 (For Defendants-Appellees).

SCOTT LYNCH, J.

{¶1}    On June 4, 2025, appellant, Rowena Molson, submitted a pro se filing that was docketed as a notice of appeal. Appellant filed a small claims complaint with the Ashtabula County Court, Eastern Division against appellees, Lesley Harrington and Margaret Cummins.  In an April 29, 2026 entry, the trial court dismissed the case.

{¶2}    App.R. 3(A) clearly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.  The Supreme Court of Ohio has indicated that a failure to comply with the time requirements prescribed in App.R. 4(A)

is a jurisdictional defect, which is fatal to an appeal. *Robin Mobile Home Parks v. Willett*, 2024-Ohio-5651, ¶ 2 (11th Dist.).

{¶3}    "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  *See* App.R. 4(A)(1).  Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal.  If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶4}    Here, the trial court issued its entry on April 29, 2026, and the clerk of courts noted on the appearance docket that a copy of the entry was mailed to appellant on that same date.  Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from April 29, 2026.  The deadline for appellant to file an appeal was May 29, 2026.  Thus, appellant's June 4, 2026 "notice of appeal" was untimely filed by 6 days.

{¶5}    This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶6}    Based upon the foregoing, this appeal is dismissed, sua sponte, as untimely filed pursuant to App.R. 4(A)(1).


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2026-A-0044

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is dismissed, sua sponte, as untimely filed pursuant to App.R. 4(A)(1).

Pursuant to this entry, any pending motions are hereby overruled as moot.

Costs shall be taxed against appellant.

JUDGE SCOTT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-A-0044